UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DEREK VICE,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ANDY BECKER, JEFF DAVIS,<br><br>                    Defendants. | 4:16-CV-05119-KES<br><br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

Plaintiff, Derek Vice, is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court screened Vice's complaint under 28 U.S.C. § 1915A and dismissed his claims, finding them barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket 10. Vice now moves the court to reconsider its decision. Docket 12.

Vice argues that *Heck* does not apply because he is challenging "the constitutionality of the procedure used in reaching his conviction . . . ." Docket 12 at 1. He argues that *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Wilkinson v. Dotson*, 544 U.S. 74 (2005), support this claim. In *Edwards*, the Supreme Court held that a prisoner's due process claim concerning the procedures that were used in a disciplinary hearing was not cognizable under § 1983 even though the hearing resulted in the revocation of the prisoner's good time credits. If anything, this case supports dismissal of Vice's claim.

In *Wilkinson*, the Supreme Court held that prisoners could challenge the constitutionality of state parole procedures under § 1983. The court stated that success for the plaintiff "did not mean immediate release from confinement or a shorter stay in prison; it mean[t] at most new eligibility review, which at most [would] speed consideration of a new parole application." *Wilkinson*, 544 U.S. at 82. Here, success for Vice means only an invalidation of his conviction. The only proceeding he objects to is the court proceeding that resulted in his indictment and led to his conviction. Therefore, *Wilkinson* does not support Vice's claim.

Vice also argues that *Schaffer v. Beringer*, 842 F.3d 585 (8th Cir. 2016), and *United States v. Clay*, 720 F.3d 1021 (8th Cir. 2013), support his claim that his conviction should be set aside. The issue is whether Vice's claim may be brought under § 1983 or whether he must seek habeas relief to invalidate his sentence. As explained in the court's previous order, the court in *Schaffer* did not decide whether *Heck* barred a claim similar to Vice's, contrary to his assertion. This court found that Vice's claim is barred by *Heck* and Vice's motion for reconsideration does not raise any new argument as to why he is entitled to be relieved from the judgment. Therefore, it is

ORDERED that Vice's motion for reconsideration (Docket 12) is denied.

Dated March 30, 2017.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE